IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

                  **Petitioner,**

        v.                                                           CASE NO. 24-3067-JWL

**STATE OF KANSAS,**

                  **Respondent.**

## MEMORANDUM AND ORDER

This is a pro se petition for writ of habeas corpus filed by Petitioner Pierre Quaran Hamilton, who is being held at the Wyandotte County Detention Center. When Petitioner filed his initial pleading, he neither paid the statutory $5.00 filing fee nor submitted a motion to proceed in forma pauperis (IFP). Thus, on May 14, 2024, the Court issued a notice of deficiency (NOD) advising Petitioner, among other things, that he was granted until June 13, 2024 to either pay the filing fee or file a motion to proceed IFP. (Doc. 2.) The NOD expressly cautioned Petitioner that if he failed to do so, "this action may be dismissed without prejudice and without further notice." *Id.* at 2.

The deadline set in the NOD has now passed and Petitioner has neither paid the statutory filing fee nor submitted a motion to proceed IFP. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's order, the Court concludes that this matter should be dismissed under Rule 41(b). As a result, the pending motion for appointment of counsel (Doc. 4) will be

1

denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a court order. The pending motion (Doc. 4) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 25th day of June, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge